062683.0476-156                                                         #397

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **DANIEL CHIRICO,** | ) | **FILED:** AUGUST 22, 2008 |
|  | ) | 08CV4813 |
| **Plaintiff,** | ) | JUDGE HOLDERMAN |
|  | ) | MAGISTRATE JUDGE COLE |
| **vs.** | ) | **No:** BR |
|  | ) | **Circuit Court of Cook County** |
| **THE HOME DEPOT USA, INC.,** | ) | **No: 08 L 007897** |
| **a foreign corporation, D/B/A THE HOME** | ) |  |
| **DEPOT and DIETRICH INDUSTRIES, INC.,** | ) |  |
| **a foreign corporation, A/K/A DIETRICH** | ) |  |
| **METAL FRAMING,** | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

### <u>NOTICE OF REMOVAL</u>

One of the defendants, DIETRICH INDUSTRIES, INC., a Pennsylvania corporation, comes

before the Court by its attorney, JAMES A. LaBARGE, and pursuant to 28 U.S.C. Secs. 1332 and

1441 *et seq.*, serves notice of removal of the cause encaptioned *Daniel Chirico v. The Home Depot*

*USA, Inc., et al.*, presently pending in the Circuit Court of Cook County under Docket No. 08 L

7897, to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support of

its Notice of Removal, this Defendant states as follows:

1.      This Defendant was served with Summons and Complaint in the above cause on July

29, 2008.

2.      This defendant is a Pennsylvania corporation with its principal place of business in

the State of Pennsylvania; as such, Dietrich Industries, Inc., is a citizen of the State of Pennsylvania.

3.      Upon information and belief, the Defendant The Home Depot is a Delaware

corporation with its principal place of business in Atlanta, Georgia; as such, it is not a citizen of the

State of Illinois.  Further, The Home Depot consents to this Removal.

4.      As appears on the face of plaintiff's Complaint, a true and correct copy of which is

attached to this Notice of Removal and, with Summons served on this Defendant, incorporated

herein as *Exhibit A*, plaintiff does not allege that he is a citizen of the States of Pennsylvania,

Delaware or Georgia. On information and belief, the plaintiff resides in New Lenox, Illinois, and he is a citizen of the State of Illinois.

5.    For the above reasons there is diversity of citizenship pursuant to 28 U.S.C. Sec. 1332.

6.    Although the *ad damnum* clauses of each of the plaintiff's four counts in his refiled Complaint claim that the plaintiff seeks judgment not exceeding $74,999.99, the plaintiff's settlement demand is in excess of $75,000 and his counsel promises to ask a jury to award an amount far greater than $130,000.

7.    Attached to this Notice as *Exhibit B* is plaintiff's counsel's three-page correspondence dated February 13, 2007, to the claims representatives for The Home Depot and Dietrich Industries. In the penultimate paragraph of that correspondence, Mr. Hecht states the following, in pertinent part:

> ...in consideration of Mr. Chirico's objective injuries, including but not limited to pain and suffering, disfigurement and loss of normal life, medical bills in excess of $37,000, and lost wages in the amount of $3,502.00, our demand for settlement of this matter prior to suit is **$130,000.00**. Please be advised that at trial we will ask a jury to award an amount far greater than our stated demand. (Emphasis in original.)

8.    The plaintiff has provided no stipulation that binds him to seeking less than $75,000 at the time of settlement or trial.

9.    As amendments to pleadings are liberally allowed, it is not only possible but likely, given the plaintiff's settlement demand, that the plaintiff will amend his Complaint more than one year from now to seek judgment in excess of $75,000 at a time when the Defendants are no longer permitted to remove this case based upon Diversity of Citizenship.

10.    Based upon plaintiff's counsel's comments and settlement demand and the fact that the *ad damnum* clauses in the plaintiff's refiled Complaint are non-binding and subject to amendment, this Defendant holds the good faith belief that the plaintiff seeks money damages in excess of $75,000 and, thus, the amount in controversy exceeds $75,000.

2

11.    This Notice of Removal is filed on the 24th day after this Defendant's receipt of notice of this suit being filed against it, through service of Summons and Complaint on its Registered Agent on July 29, 2008.

WHEREFORE, for all the above reasons, this defendant, DIETRICH INDUSTRIES, INC., a Pennsylvania corporation, serves notice that the above cause now pending in the Circuit Court of Cook County is removed to the U.S. District Court for the Northern District of Illinois, Eastern Division, *instanter*.

DIETRICH INDUSTRIES, INC.,
a Pennsylvania corporation


By:_____/s/James A. LaBarge_____
            James A. LaBarge, its Attorney

James A. LaBarge
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
(312) 578-7710

## CERTIFICATE OF SERVICE

A copy of the **Defendants' Notice of Removal, Civil Sheet, and Appearance** was filed electronically this **22nd day of August**, 2008.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

**ATTORNEY FOR PLAINTIFF**
Brian R. Hecht
Richard F. Mallen & Associates, Ltd.
228 South Wabash Avenue, 7th Floor
Chicago, IL 60604
312-346-0500
312-346-5778 fax
bhecht@mallenlaw.com

**ATTORNEY FOR The Home Depot U.S.A., Inc. d/b/a The Home Depot**
John P. McCorry
Loari O'Halloran
McVey & Parsky, LLC
30 North LaSalle Street, Suite 2100
Chicago, IL 60602
(312) 551-2130
(312) 551-2131 (fax)
jpm@mcveyparsky-law.com

Respectfully submitted,

/s/James A. LaBarge
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7710
Fax:          (312) 346-8242
Jlabarge@pretzel-stouffer.com
*Attorney for Defendant, Dietrich*

I.D.# 26129

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DANIEL CHIRICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.: |
| | ) | |
| THE HOME DEPOT USA, INC., | ) | |
| a foreign corporation, D/B/A THE HOME | ) | ≤ $74,999.99 |
| DEPOT and DIETRICH INDUSTRIES INC., | ) | |
| a foreign corporation, A/K/A DIETRICH | ) | |
| METAL FRAMING, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

Plaintiff, DANIEL CHIRICO, by his attorneys, RICHARD F. MALLEN & ASSOCIATES,

LTD., complaining of the Defendants, THE HOME DEPOT USA, INC., a foreign corporation

D/B/A THE HOME DEPOT (hereinafter referred to as "HOME DEPOT") and DIETRICH

INDUSTRIES, INC., a foreign corporation, A/K/A DIETRICH METAL FRAMING, (hereinafter

referred to as "DIETRICH") and for each of them, states:

### COUNT I

### NEGLIGENCE – THE HOME DEPOT

Plaintiff, DANIEL CHIRICO, complaining of Defendant THE HOME DEPOT USA, INC.,

a foreign corporation, D/B/A THE HOME DEPOT (hereinafter referred to as "HOME DEPOT"),

states:

1.    This is a refiled case.  The prior case was filed as Daniel Chirico v. The Home

Depot USA, Inc., a foreign corporation, d/b/a The Home Depot and Dietrich Industries Inc., a



foreign corporation, a/k/a Dietrich Metal Framing, *Case Number 07 L 04267* in the Circuit Court of Cook County, was removed to the 7th Circuit Federal Court under Case Number 07 cv 03613 and voluntarily dismissed on July 23, 2007.

2.    On or about April 26, 2005, Defendant, HOME DEPOT, was a foreign corporation authorized to do business in the State of Illinois, including the retail store number 1943, located at 475 Schmale Road, Carol Stream, Illinois.

3.    On or about April 26, 2005, Defendant HOME DEPOT, owned operated, managed, and maintained HOME DEPOT store number 1943, located at 475 Schmale Road, Carol Stream, Illinois. (hereinafter referred to as "HOME DEPOT 1943")

4.    On or about April 26, 2005, Defendant HOME DEPOT, invited the general public, including the Plaintiff DANIEL CHIRICO, to enter and exit HOME DEPOT 1943 for the purpose of purchasing retail goods and/or services.

5.    On or about April 26, 2005, Defendant HOME DEPOT, individually and through its agents and employees of HOME DEPOT 1943, owed a duty to Plaintiff DANIEL CHIRICO and all other persons lawfully on the premises, to keep its store, HOME DEPOT 1943, in a reasonably safe condition.

6.    On or about April 26, 2005, Plaintiff DANIEL CHIRICO, was lawfully on the premises of Defendant's HOME DEPOT store, HOME DEPOT 1943, for the purpose of purchasing retail goods, in particular metal corner bead.

7.    On and prior to April 26, 2005, Defendant, HOME DEPOT, individually and through its agents and employees of HOME DEPOT 1943, breached its duty and was negligent in one or more of the following ways:

2

a.  Defendant stocked, stored, placed and /or displayed for sale, metal corner bead on a shelf above the floor level;

b.  Defendant stocked, stored, placed and/or displayed for sale, a partially opened box or container that contained metal corner bead, on a shelf above the floor level;

c.  Defendant failed to post adequate instructions and warning labels to warn customers of the dangers associated with the handling of the metal corner bead;

d.  Defendant failed to inspect its metal corner bead to make certain that they were stocked, stored, placed and displayed for sale, in a safe and proper condition.

8.  As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Plaintiff, DANIEL CHIRICO, suffered, and will continue to suffer in the future, injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DANIEL CHIRICO, prays for judgment against Defendant, THE HOME DEPOT USA, INC., a foreign corporation, D/B/A THE HOME DEPOT, for a sum not to exceed Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine cents ($74,999.99), plus costs.

## COUNT II

## STRICT LIABILITY – THE HOME DEPOT

Plaintiff, DANIEL CHIRICO, complaining of Defendant THE HOME DEPOT USA, INC., a foreign corporation, D/B/A THE HOME DEPOT (hereinafter referred to as "HOME DEPOT"), states:

1.  This is a refiled action. The prior action was filed as Daniel Chirico v. The Home Depot USA, Inc., a foreign corporation, d/b/a The Home Depot and Dietrich Industries Inc., a foreign corporation, a/k/a Dietrich Metal Framing, *Case Number 07 L 04267* in the Circuit Court

3

of Cook County, was removed to the 7th Circuit Federal Court under Case Number 07 cv 03613 and voluntarily dismissed on July 23, 2007.

2.    On or about April 26, 2005, Defendant, HOME DEPOT, was a foreign corporation authorized to do business in the State of Illinois, including the retail store number 1943, located at 475 Schmale Road, Carol Stream, Illinois.

3.    On or about April 26, 2005, Defendant HOME DEPOT, owned operated, managed, and maintained HOME DEPOT store number 1943, located at 475 Schmale Road, Carol Stream, Illinois. (hereinafter referred to as "HOME DEPOT 1943")

4.    On or about April 26, 2005, Defendant HOME DEPOT, invited the general public, including the Plaintiff DANIEL CHIRICO, to enter and exit HOME DEPOT 1943 for the purpose of purchasing retail goods and/or services.

5.    On or about April 26, 2005, Defendant HOME DEPOT, individually and through its agents and employees of HOME DEPOT 1943, owed a duty to Plaintiff DANIEL CHIRICO, to keep its store, HOME DEPOT 1943  in a reasonably safe condition for the Plaintiff and all other persons lawfully on the premises.

6.    On or about April 26, 2005, Plaintiff DANIEL CHIRICO, was lawfully on the premises of Defendant's HOME DEPOT store, HOME DEPOT 1943, for the purpose of purchasing retail goods, in particular metal corner bead.

7.    On and prior to April 26, 2005, Defendant, HOME DEPOT, individually and through its agents and employees of HOME DEPOT 1943, breached its duty and took actions that were unreasonably dangerous in one or more of the following ways:

a.    Metal corner bead was stocked, stored, placed and /or displayed for sale, on a shelf above the floor level;

4

b.  Metal corner bead was stocked, stored, placed and/or displayed for sale, in a partially opened box or container that contained metal corner bead, on a shelf above the floor level;

c.  Failed to post adequate instructions and warning labels to warn customers of the dangers associated with the handling of the unreasonably dangerous metal corner bead;

d.  Failed to inspect its metal corner bead to be certain that they were not stocked, stored, placed and displayed in an unreasonably dangerous condition for purchase.

8.  As a direct and proximate result of one or more of the aforementioned unreasonably dangerous acts or omissions, Plaintiff, DANIEL CHIRICO, suffered, and will continue to suffer in the future, injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DANIEL CHIRICO, prays for judgment against Defendant, THE HOME DEPOT USA, INC., a foreign corporation, for a sum not to exceed Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine cents ($74,999.99), plus costs.

## COUNT III

## STRICT PRODUCT LIABILITY - DIETRICH INDUSTRIES, INC.

Plaintiff, DANIEL CHIRICO, complaining of Defendant, DIETRICH INDUSTRIES, INC., a foreign corporation, A/K/A DIETRICH METAL FRAMING (hereinafter referred to as "DIETRICH") states:

1.  This is a refiled action. The prior action was filed as Daniel Chirico v. The Home Depot USA, Inc., a foreign corporation, d/b/a The Home Depot and Dietrich Industries Inc., a foreign corporation, a/k/a Dietrich Metal Framing, Case Number 07 L 04267 in the Circuit Court

of Cook County, was removed to the 7th Circuit Federal Court under Case Number 07 cv 03613 and voluntarily dismissed on July 23, 2007.

2.     On or about April 26, 2005, Defendant, DIETRICH, designed, manufactured, distributed and sold a product known as metal corner bead which was offered for sale to the public.

3.     On or about April 26, 2005, and prior thereto, Defendant DIETRICH, had placed the metal corner bead into the stream of commerce.

4.     On or about April 26, 2005, Plaintiff DANIEL CHIRICO, was lawfully on the premises of Co-Defendant HOME DEPOT'S store, HOME DEPOT 1943, for the purpose of purchasing retail goods, in particular DIETRICH metal corner bead and injured his hand when he attempted to remove a piece of DIETRICH metal corner bead that was designed, manufactured, distributed and sold by Defendant DIETRICH, from its box or container.

5.     On and prior to April 26, 2005, Defendant DIETRICH, had a duty to avoid placing an unreasonably dangerous product into the stream of commerce.

6.     On and prior to April 26, 2005, when the subject metal corner bead left the control of Defendant DIETRICH, the metal corner bead was in an unreasonably dangerous condition in one or more of the following ways:

   a.     Designed, manufactured and distributed with sharp edges and ends;

   b.     Lacked adequate and sufficient warnings related to the handling of the sharp metal corner bead;

   c.     Lacked adequate and sufficient instructions informing its users how to safely handle the sharp metal corner bead;

   d.     Lacked adequate and sufficient guarding mechanisms to cover the sharp edges and sharp ends.

7.     As a direct and proximate result of one or more of the aforementioned unreasonably

dangerous acts or omissions, Plaintiff, DANIEL CHIRICO, suffered, and will continue to suffer in the future, injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DANIEL CHIRICO, prays for judgment against Defendant, DIETRICH INDUSTRIES, INC., a foreign corporation, A/K/A DIETRICH METAL FRAMING for a sum not to exceed Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and Ninety-Nine cents ($74,999.99), plus costs.


## COUNT IV

## NEGLIGENCE- DIETRICH INDUSTRIES, INC.

Plaintiff, DANIEL CHIRICO, complaining of Defendant, DIETRICH INDUSTRIES, INC., a foreign corporation, A/K/A DIETRICH METAL FRAMING (hereinafter referred to as "DIETRICH") states:

1.    This is a refiled action. The prior action was filed as Daniel Chirico v. The Home Depot USA, Inc., a foreign corporation, d/b/a The Home Depot and Dietrich Industries Inc., a foreign corporation, a/k/a Dietrich Metal Framing, Case Number 07 L 04267 in the Circuit Court of Cook County, was removed to the 7th Circuit Federal Court under Case Number 07 cv 03613 and voluntarily dismissed on July 23, 2007.

2.    On or about April 26, 2005, Defendant, DIETRICH, designed, manufactured, distributed and sold a product known as metal corner bead which was offered for sale to the public.

3.    On or about April 26, 2005, and prior thereto, Defendant DIETRICH, had placed the metal corner bead into the stream of commerce.

4.    On or about April 26, 2005, Plaintiff DANIEL CHIRICO, was lawfully on the

premises of Co-Defendant HOME DEPOT'S store, HOME DEPOT 1943, for the purpose of purchasing retail goods, in particular DIETRICH metal corner bead and injured his hand when he attempted to remove a piece of DIETRICH metal corner bead that was designed, manufactured, distributed and sold by Defendant DIETRICH, from its box or container.

5.    On and prior to April 26, 2005, Defendant DIETRICH, had a duty to avoid placing a dangerous or defective product into the stream of commerce.

6.    On and prior to April 26, 2005, when the subject metal corner bead left the control of Defendant DIETRICH, Defendant DIETRICH was then and there negligent in one or more of the following ways:

    a.    Designed, manufactured and distributed metal corner bead with dangerous and defective sharp edges and ends;

    b.    Failed to include or provide adequate and sufficient warnings related to the handling of the sharp metal corner bead;

    c.    Failed to include adequate and sufficient instructions informing its users how to safely handle the sharp metal corner bead;

    d.    Failed to include adequate and sufficient guarding mechanisms to cover the sharp edges and sharp ends.

7.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Plaintiff, DANIEL CHIRICO, suffered, and will continue to suffer in the future, injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, DANIEL CHIRICO, prays for judgment against Defendant, DIETRICH INDUSTRIES, INC., a foreign corporation, A/K/A DIETRICH METAL FRAMING for a sum not to exceed Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and ninety-nine cents ($74,999.99), plus costs.

Respectfully submitted,
Plaintiff, DANIEL CHIRICO,

By:

BRIAN R. HECHT, One of the Plaintiff's
Attorneys

RICHARD F. MALLEN & ASSOCIATES, LTD.
Attorneys for Plaintiff
228 S. Wabash Ave., 7th Floor
Chicago, IL  60604
(312) 346-0500
Fax: (312) 346-5778
Atty I.D. #26129

9

Civil Action Cover Sheet - Case Initiation                                    (Rev. 2/8/06) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DANIEL CHIRICO

        v.                    }    No.

THE HOME DEPOT USA, INC, a foreign corporation, et., al.,

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein is
for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case type
which best characterizes your action. ONLY ONE (1) CASE TYPE
MAY BE CHECKED WITH THIS COVER SHEET.

Jury Demand ☐ Yes ☑ No

**(FILE STAMP)**

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☑ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please Specify Below**)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076 Retaliatory Discharge

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

Richard F. Mallen & Assoc.

By: _____
        (Attorney)                    (Pro Se)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M, 1-07-05 (         ) |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT,    LAW    DIVISION

(Name all parties)

DANIEL CHIRICO

v.

THE HOME DEPOT, USA, INC, a foreign corp., and
DIETRICH INDUSTRIES INC., a foreign corp.

No. _____

2008L007897
CALENDAR/ROOM S
TIME 00:00
Product Liability

DIETRICH INDUSTIRES, INC
c/o CT Corporation
208 S. LaSalle Street, Ste. 814,
Chicago, IL 60604

000060 1055 07/21/08 14:32
REF CASE # 08L 007897
  1 LAW                50.00
  1 MILEAGE            10.00
REF SHERIFF # 098751

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

CHECK I
CASHIER: YVETTE
60.00

☑   Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602

☐  District 2 - Skokie
    5600 Old Orchard Rd.
    Skokie, IL 60077

☐  District 3 - Rolling Meadows
    2121 Euclid
    Rolling Meadows, IL 60008

☐  District 4 - Maywood
    1500 Maybrook Ave.
    Maywood, IL 60153

☐  District 5 - Bridgeview
    10220 S. 76th Ave.
    Bridgeview, IL 60455

☐  District 6 - Markham
    16501 S. Kedzie Pkwy.
    Markham, IL 60426

☐  Child Support
    28 North Clark St., Room 200
    Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 21 2008

WITNESS, _____,

Atty. No.: 26129_____

Name: RICHARD F. MALLEN & ASSOCIATES, LTD

Atty. for: Plaintiff-Daniel Chirico

Address: 228 S. Wabash Ave., 7th Floor

City/State/Zip: Chicago, IL 60604

Telephone: 312-346-0500

Service by Facsimile Transmission will be accepted at: _____

_____
Clerk of Court

Date of service: _____, _____,
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TYPE·LAW          SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS      DISTRICT 010

**STROM 10104**

SHERIFF'S NUMBER 098751-101L CASE NUMBER 08L007897    DEPUTY:

FILED DT 07-21-2008 RECEIVED DT 07-21-2008 DIE DT 08-11-2008 MULTIPLE SERVICE    1
    DEFENDANT                                                ATTORNEY
DIETRICH INDUSTRIES INC                                      RICHARD F MALLEN & ASSOCIATES,
208 S LA SALLE ST                                            228 S WABASH AV 7TH FLR
CHICAGO IL. 60604                                            CHICAGO IL. 60604
STE 814                                                      312 346-0500
PLAINTIFF DANIEL CHIRICO

SERVICE INFORMATION: C/O CT CORP      RS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:**

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
      NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
      AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
      RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
      THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
      _____ DAY OF _____ 20___ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
      PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
      SAID PARTY REFUSED NAME _____
.....3 SERVICE ON:  CORPORATION ___COMPANY___  BUSINESS____  PARTNERSHIP_____
      BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
      REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL_____

**(B)  THOMAS J. DART, SHERIFF, BY:** _____, DEPUTY  **10104**

  1  SEX  M/F  RACE ___  AGE 60
  2  NAME OF DEFENDANT DIETRICH INDUSTRIES INC
    WRIT SERVED ON _____
  THIS 29 DAY OF July , 2008 TIME 10:30 A.M. P.M.

ADDITIONAL REMARKS _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG _____                    **ATTEMPTED SERVICES**

NEIGHBORS NAME _____

                           DATE        TIME  A.M./P.M.

     ADDRESS _____          _____  __:__  ____

     REASON NOT SERVED:                  _____  __:__  ____
              07 EMPLOYER REFUSAL
___01 MOVED        ___08 RETURNED BY ATTY       _____  __:__  ____
___02 NO CONTACT   ___09 DECEASED
___03 EMPTY LOT    ___10 BLDG DEMOLISHED        _____  __:__  ____
___04 NOT LISTED   ___11 NO REGISTERED AGT.
___05 WRONG ADDRESS ___12 OTHER REASONS         _____  __:__  ____
___06 NO SUCH ADDRESS ___13 OUT OF COUNTY
                                _____  __:__  ____

FEE    .00   MILEAGE    .00   TOTAL    .00                           SG10

JUN 21 2007 08:24 FR                                    TO 913123468242        P.02



**Richard F. Mallen & Associates, Ltd.**
Attorneys at Law

| Richard F. Mallen
| Robert J. Dargis
| Brian R. Hecht
|
| Maja Rzepka
| *Administrator*
|
| Juan A. Torres
| *Paralegal*



February 13, 2007

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Ms. Kathy Dewitt                          Ms. Melissa Baker
Sedgwick Claims Management Services, Inc.   Traveler's Insurance
Home Depot Unit                            57 Prospect St., #4 MSA
1117 Perimeter Center West, Ste. E-500      Hartford, CT  06103-2810
Atlanta GA  30348

RE:    **Sedgwick Claim #:    20050441806**
       **Our File #:          05 - 019**
       **Our Client:          Daniel Chirico**
       **Your Insured:        The Home Depot U.S.A., Inc.**
       **Date of Injury:      April 26, 2005**

Dear Ms. DeWitt and Ms. Baker:

As you are aware, our law firm represents Daniel Chirico for injuries he suffered on April 26, 2005, at the Home Depot located in Carol Stream, Illinois.  As a result of Home Depot's negligent storage, placement and display, of unreasonably sharp and dangerous cornerbead, manufactured by Dietrich Industries, Dan Chirico suffered injuries of a personal and pecuniary nature.  For your convenience, the following is a summary of the liability facts:

On April 26, 2005, Mr. Chirico went to the Home Depot home improvement store with the intent of purchasing metal cornerbead.   He found the section where the cornerbead and other related products were displayed for sale, located on a shelf about 5 feet off the floor.  The products, most of them about 8 feet in length, were  freestanding on the shelf.  The specific type of cornerbead that Mr. Chirico intended to purchase was in a box, on the aforementioned shelf, that had a pre-existing hole at the bottom through which apparently customers were expected to manipulate and remove the unreasonably sharp product.

As Mr. Chirico attempted to extract a piece of the sharp metal cornerbead through the hole, the box tore open allowing the reminder of the cornerbead to slide downward through the torn portion of the box.  Mr. Chirico did not have sufficient time to remove his left hand.  The cornerbead raced down his left hand at a high rate of speed and sliced a deep laceration to the left thumb which immediately bled profusely.   A manager who was in the vicinity, assessed the situation, retrieved first-aid materials and applied pressure to try to control the bleeding. (See attached Incident Witness Statement)

228 South Wabash Avenue, 7th Floor • Chicago, IL 60604
**T** 312.346.0500 • **F** 312.346.5778 • info@mallenlaw.com

EXHIBIT
15

JUN 21 2007 08:24 FR                                    TO 913123468242      P.03



Kathy DeWitt/Melissa Baker
February 13, 2007
Page 2 of 3

Due to the severity of the injury, Mr. Chirico chose to drive himself to a hospital he was familiar with, located closer to his home. Upon arrival at the emergency room at Silver Cross Hospital, Dr. Manuel Sarroca and Jagdish Muzumdar performed an examination of Mr. Chirico's left hand. Their exam revealed a 2 inch, full thickness laceration to the left thumb, which impaired motor function and thumb movement, and showed evidence of injury to the flexor tendon. X-rays were taken of the left hand to determine if any acute fractures were present.

Fortunately for Mr. Chirico, X-ray results revealed no fractures, however, they showed a clear deformity of the thumb. The laceration was cleansed, closed with stitches and splinted for stability. He was given a Tetanus shot along with Duricef and Tylenol with Codeine for the pain. Mr. Chirico was discharged with instructions to follow-up with Dr. Salvatore Fanto, a board-certified hand surgeon.

Dr. Fanto's evaluation revealed a laceration across the "whole volar surface of the thumb extending into the distal phalanx and proximal phalanx." It also revealed lack of active flexion of the thumb joint and swelling in the other fingers. Dr. Fanto diagnosed Mr. Chirico with a laceration to the flexor pollicia longus tendon and radial digital nerve. The doctor could not rule out additional injury to the ulnar digital nerve at the time of the examination, and he recommended surgical exploration of the wound for tendon and nerve repair. As a result of the severity of the injury, the surgery was scheduled for the next day.

On April 28, 2005, Mr. Chirico underwent surgery and wound exploration at Silver Cross Hospital. During the wound exploration, Dr. Fanto found that the flexor tendon sheath had been severed completely and it was transected distally. The radial digital nerve was also completely transected. Dr. Fanto repaired the damage to Mr. Chirico's tendons and nerves and a short arm cast was applied following the surgery. On May 10, 2005, the surgical sutures were removed, a splint was applied and Mr. Chirico was referred for occupational therapy.

From May 10, 2005 through December 20, 2005, Mr. Chirico underwent follow-up consultations and occupational therapy sessions at Dr. Fanto's clinic. Throughout the treatments, Mr. Chirico complained of numbness, tingling, swelling and limited range of motion with his thumb. On August 2, 2005, the occupational therapist's report indicated that Mr. Chirico failed to make any significant progress regarding his thumb's active range of motion. Due to his left hand's limitations, he was only able to work part-time.

As the therapy progressed, Mr. Chirico began doing a home exercise program for his left hand in addition to his occupational therapy program. His thumb's range of motion improved to a point which allowed him to return to work full-time, despite continuing complaints of persistent tingling and limited range of motion in the thumb area.

Mr. Chrico is employed as chemist and technical manager for Sovereign Specialty Chemicals, an adhesive manufacturer. His work responsibilities require the constant use of both hands. Because of his injury, Mr. Chirico incurred a loss of approximately 17 work days from his employment. At the time of his injury, Mr. Chirico earned a salary of approximately $75,000.00

Kathy DeWitt/Melissa Baker
February 13, 2007
Page 3 of 3

a year.  Therefore, Mr. Chirico incurred approximately $3,502.00 in lost wages.  ($75,000/52 weeks = $1,442.00/7 days = $206.00 a day x 17 days = $3,502.00.)

Home Depot, as a retailer of home improvement products, had a duty to supply safe products to customers.  The state of Illinois imposes strict liability on a retailer when a product injures a customer.  As a result of Home Depot's negligence in the dangerous and improper storage, placement and display of unreasonably sharp and dangerous cornerbead, manufactured and distributed by Dietrich Industries, my client Dan Chirico suffered an injury and disfigurement which he will suffer with for the rest of his life. (See attached pictures)

In light of the clear liability on behalf of the two responsible entities, and in consideration of Mr. Chirico's objective injuries, including but not limited to pain and suffering, disfigurement and loss of normal life,  medical bills in excess of $37,000.00, and lost wages in the amount of $3,502.00, our demand for settlement of this matter prior to suit is **$130,000.00**.  Please be advised that at trial we will ask a jury to award an amount far greater than our stated demand.

For your convenience, I have enclosed photographs of Mr. Chirico's left thumb and hand, the Home Depot Incident Witness Statement, a Specials Summary and copies of Mr. Chirico's medical bills and records for your review.  After you have had a chance to review these enclosures, please contact me to further discuss settlement of this matter.

Very truly yours,

RICHARD F. MALLEN & ASSOCIATES, LTD.

Brian R. Hecht

BRH/jat
Enclosures